UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANTOY PITTER,

                           **Plaintiff,**

vs.                                                  1:20-CV-183
                                                           (MAD/CFH)

TARGET CORPORATION; MICHAEL D'ALOIA, *Individually and as Employees of Target Corporation*; MICHELLE PARTLOW, *Individually and as Employees of Target Corporation*; SAMANTHA MULLER, *Individually and as Employees of Target Corporation*; BRANDON LEE, *Individually and as Employees of Target Corporation*; and MATTHEW PERMAUL, *Individually and as Employees of Target Corporation*,

                           **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

SHANTOY PITTER
1401 6th Street SE Apt. 408
Minneapolis, Minnesota 55414
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action alleging discrimination on the basis of sex, retaliation, and hostile work environment based on sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Human Rights Law ("NYSHRL"); and disability discrimination and failure to provide reasonable accommodations in violation of the Americans with Disabilities Act of 1990, 29 U.S.C. § 621 *et seq.* ("ADA") and the NYSHRL.  *See* Dkt. No. 1.  Plaintiff further alleges that Defendant Target violated New York

Labor Law § 195(6) and that all Defendants committed breach of contract by violating the implied covenant of good faith and fair dealing under New York law. *See id.*

In a Report-Recommendation and Order dated September 1, 2020, Magistrate Judge Hummel granted Plaintiff leave to proceed *in forma pauperis* and performed an initial review of the complaint. *See* Dkt. No. 6. In the Report-Recommendation and Order, Magistrate Judge Hummel recommends that the Court dismiss Plaintiff's complaint without prejudice with leave to amend. *See id.* at 33. As to Plaintiff's Title VII claims, Magistrate Judge Hummel first found that these claims against the individual Defendants must be dismissed because individuals are not subject to liability under Title VII. *See id.* at 13 (citing *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004)). Next, it was recommended that the Court dismiss Plaintiff's sex discrimination claims because Plaintiff failed to sufficiently allege facts to demonstrate either direct evidence of Target's discriminatory intent or that her termination occurred under circumstances giving rise to a plausible inference of sex-based discrimination. *See id.* at 15 (citation omitted). As to Plaintiff's retaliation claims against Target, Magistrate Judge Hummel recommended that they be dismissed because Plaintiff failed to plausibly allege that the adverse employment action (her termination) was causally connected to her protected activity. *See id.* at 18-20. As to Plaintiff's NYSHRL retaliation claim against Defendant D'Aloia, Magistrate Judge Hummel found that Plaintiff failed to allege that Defendant D'Aloia was aware that Plaintiff had filed a human resources complaint and, even if he was, the alleged conduct does not rise to the level of adverse action sufficient to support a claim of retaliation. *See id.* at 21-22.

Next, the Report-Recommendation and Order found that Plaintiff's hostile work environment due to sexual harassment claims should be dismissed because Plaintiff has alleged nothing more than "mere offensive utterance[s]," which are not actionable under Title VII or the

NYSHRL.  *See id.* at 24 (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)). Similarly, Magistrate Judge Hummel found that the alleged unwanted physical contact is insufficient to support her claim. *See id.* at 24-25 (citing cases).  Additionally, the numerous comments that Defendants made concerning Plaintiff's leggings were isolated instances that are insufficient to sufficiently severe and pervasive conduct.  *See id.* at 25-26.

As to Plaintiff's disability claims under the ADA and the NYSHRL, Magistrate Judge Hummel found that Plaintiff alleges, at most, only transitory impairments that fail to meet the definition of a "disability" under either statute.  *See id.* at 28-30.  Next, Magistrate Judge Hummel found that Plaintiff's contract claim should be dismissed because Plaintiff appears to have been an at-will employee and fails to allege that she was employed pursuant to an enforceable contract. *See id.* at 31-32.  Finally, as to Plaintiff's claim brought pursuant to Section 195 of the New York Labor Law, the Report-Recommendation and Order recommended that the Court decline to exercise supplemental jurisdiction over this claim since all of Plaintiff's federal claims are subject to dismissal.  *See id.* at 32-33.  Plaintiff has not objected to Magistrate Judge Hummel's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's complaint must be dismissed without prejudice. Plaintiff's Title VII claims against the individual Defendants must be dismissed because "individuals are not subject to liability under Title VII." *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004) (citations omitted). As to Plaintiff's sex discrimination claims, Plaintiff has failed to allege facts plausibly suggesting that Defendants took an adverse employment action against her under circumstances that give rise to an inference of discrimination. Similarly, Plaintiff's retaliation claim must be dismissed because Plaintiff has failed to allege any facts from which the Court can plausibly infer that her termination was due to her sex or gender. Plaintiff fails to allege any direct evidence of discriminatory or retaliatory intent and, although she filed a complaint with human resources on May 30, 2018, she was not fired until December 15, 2018, which is too remote to find causation through temporal proximity. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that temporal proximity "must be very close" to support an inference of retaliation); *Crosby v. McDonald's of Guilderland, LLC*, No. 1:17-cv-1160, 2018 WL 2077884, *6 (N.D.N.Y.

May 2, 2018) ("District courts have generally found ... that a passage of two months between the protected activity and the adverse employment action seems to be the dividing line") (citation omitted).

Moreover, as to Plaintiff's hostile work environment claims, Magistrate Judge Hummel correctly determined that the complaint fails to set forth sufficiently pervasive and severe conduct so as to be actionable under Title VII or the NYSHRL.  *See Harris v. Forklift Systs., Inc.*, 510 U.S. 17, 23 (1993).  Moreover, much of the alleged conduct is stated in wholly conclusory terms in that it omits any factual detail about the alleged comments that were made to Plaintiff.  *See Gray v. Onondaga-Cortland-Madison BOCES*, No. 5:16-cv-973, 2018 WL 1804694, *2 (N.D.N.Y. Apr. 13, 2018) (holding that, in order to state a claim for hostile work environment based on sexual harassment, "[t]he impermissible character of the underlying conduct must be stated in order to permit an inference that it rises to the level of sexual harassment," and concluding that the plaintiff's "vague[]" and "conclusory" allegations of unspecified conduct" failed to sufficiently allege a claim of sexual harassment in violation of Title VII).

Next, the Court finds that Magistrate Judge Hummel correctly determined that the complaint fails to plausibly allege that Plaintiff was disabled within the meaning of the ADA or the NYSHRL.  Rather, Plaintiff simply alleges a series of temporary or "transitory" impairments that are not protected by these statutes.  *See Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 250 (E.D.N.Y. 2015); *Guary v. Upstate Nat'l Bank*, 618 F. Supp. 2d 272, 275 (W.D.N.Y. 2009) (holding that the plaintiff, who broke her ankle resulting in a single, twelve-week disability leave with no alleged physical limitations thereafter, was not disabled within the meaning of the ADA or "the parallel New York statute").  As such, this claim is dismissed without prejudice.

Finally, having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over either Plaintiff's common law contract claim or her claim brought pursuant to Section 195 of the New York Labor Law.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummels' Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice** and **with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 30, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge